IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**RITCHIE MOORE,**

                **Plaintiff,**

        v.                        CASE NO. 07-3140-SAC

**DOUGLAS COUNTY
SHERIFF'S DEPT., et al.**

                **Defendants.**

**O R D E R**

On June 7, 2007, having screened the original complaint filed herein, the court ordered plaintiff to submit a certified copy of his inmate account for the six months preceding the filing of this complaint in support of his motion for leave to proceed in forma pauperis as required by statute; and to file an amended complaint on forms provided by the court stating sufficient facts in support of his claims and curing other deficiencies set forth in its detailed Memorandum and Order. He was plainly warned that if he failed to submit an amended complaint in the time provided, this action might be dismissed without further notice.

Since that Order was entered, plaintiff has submitted a letter, with an "Inmate Bank Statement" attached, and a copy of his original complaint filed herein. The court construed this filing as plaintiff's Response (Doc. 4) to the court's Memorandum and Order dated June 7, 2007. Plaintiff has also submitted a Motion to Appoint Counsel (Doc. 5), Motion for Issuance of Summons (Doc. 6),

Motion for Service (Doc. 8), Motion for Emergency Injunction (Doc. 10), and Supplement to his in forma pauperis motion (Doc. 11). Having considered the materials filed by plaintiff, the court finds as follows.

Plaintiff's Supplement to his in forma pauperis motion (Doc. 11), although not timely, has been considered and provides financial information indicating he does not have funds to pay an initial partial filing fee. He is reminded that under the Prison Litigation Reform Act a prisoner litigant is required to pay the full district court filing fee of $350.00 for each civil action filed by him. 28 U.S.C. § 1915(b)(1). The granting of leave merely entitles him to pay the filing fee over time with periodic payments from his inmate trust fund account as detailed in 28 U.S.C. § 1915(b)(2). Plaintiff was granted leave to proceed without prepayment of fees in prior actions and has outstanding fee obligations in those actions, Case No. 07-3319 and Case No. 08-3036. Because any funds advanced to the court by plaintiff on his behalf must first be applied to plaintiff's outstanding fee obligations, the court grants plaintiff leave to proceed without prepayment of fees in the instant matter. Collection of the full district court filing fee in this case shall begin upon plaintiff's satisfaction of his prior obligations in Case No. 07-3319 and Case No. 08-3036. The Finance Office of the Facility where plaintiff is incarcerated will be directed by copy of this order to collect from plaintiff's account and pay to the clerk of the court twenty percent (20%) of the prior month's income each time the amount in

plaintiff's account exceeds ten dollars ($10.00) until all plaintiff's outstanding filing fee obligations have been paid in full. Plaintiff is directed to cooperate fully with his custodian in authorizing disbursements to satisfy the filing fee, including but not limited to providing any written authorization required by the custodian or any future custodian to disburse funds from his account.

The court finds that plaintiff's Response (Doc. 4) does not comply with the court's prior Memorandum and Order. Plaintiff has not filed an Amended Complaint in this action curing the deficiencies found in the court's prior Memorandum and Order. In sum, those deficiencies included failure to name proper defendants and show each defendant's personal participation; failure to state any factual scenario or background in the complaint; failure to allege facts in support of claims including dates, locations, and unconstitutional acts by certain named defendants; failure to clearly refer to relevant portions of his numerous attachments; improperly basing his claims upon alleged violations of state statutes; and overall failure to state sufficient facts in support of a federal constitutional claim. Accordingly, for the reasons stated in its Memorandum and Order of June 7, 2007, and herein, the court concludes this action must be dismissed for failure to state facts in support of a federal constitutional claim.

In plaintiff's letter to the Clerk of the Court, which was construed as his Response, he stated he had "amended case, no 07-3140-SAC to case no. 073109-SAC, all in to one case which is

3

073109-SAC." There is no caption on this letter, and plaintiff did not file a Motion for Consolidation in either of these cases. Even if this were construed as a motion to consolidate this action with Case No. 97-3109, it would be denied since plaintiff has failed to file a viable complaint in this action as ordered.

Plaintiff's Motion for Counsel (Doc. 5), Motion for Issuance of Summons (Doc. 6), and Motion for Service (Doc. 8) are denied as moot.

Plaintiff's Motion for Emergency Injunction (Doc. 9) asks the court to order the "Douglas County Sheriff's Department and Jail's Medical Clinic" to give treatment to plaintiff "as prescribed by medical (back specialist) doctor independant (sic) of Douglas County Sheriff Dept./ Jail Medical Clinic." In support of this motion, plaintiff alleges he is "in extreme back pain" as the result of an injury, which was the subject of another of his lawsuits[1]; that he had an "independant (sic) orthopedic examination done on 29th December (2006)," which showed a "disc protrusion;" and an "independent" doctor "prescribed medication change to medication called 'Darvocet'." He exhibits a radiology report printed October 4, 2007, which "again noted" (comparing to previous study from 03/08/05) a disc protrusion and showed nerve root irritation. Mr.

---

[1] Plaintiff raised the claim that he is being denied proper medical treatment for his back pain in another of his civil rights actions, Case No. 07-3109. In that case, upon screening, he was informed of the standards for stating a claim of denial of medical treatment under the Eighth and Fourteenth Amendments, and given time to state facts to support such a claim. From the Amended Complaint he did file in that case, it was found that he has been receiving treatment, and his mere disagreement with that treatment does not amount to a federal constitutional claim.

Moore complains "Douglas County Sheriff's Dept./ Jail Medical Clinic refuses to give" plaintiff Darvocet as prescribed and refuses to give him proper medical treatment for his back injury. Plaintiff attaches what appears to be entries from an unidentified medical record indicating his MRI was done in December 2006, and the entry on February 8, 2007, provides "I am going to change his medication from Ultram to Darvocet and get some hotpacks to his back." On March 22, 2007, the entry provides "I am going to continue him on Darvocet and Flexeril." Other attachments show plaintiff is being provided medication for his back upon a doctor's orders, his medical records are being reviewed, he is being given tests and medications, and accommodations are being made due to his back pain.

This motion is denied as moot. If it were not moot, and plaintiff had stated facts to present a federal constitutional claim herein, it would be denied because it does not state either a legal or factual basis for emergency injunctive relief. As noted, it appears from plaintiff's own motion and exhibits that he is receiving medications, and certainly that he is receiving treatment for his back problems. If it were very liberally construed as plaintiff's Amended Complaint, it still fails to name as defendants the "persons" who allegedly have denied plaintiff medical treatment. Moreover, it is duplicative of an action already filed by plaintiff, Case No. 07-3109.

In sum, the court finds plaintiff has not complied with the Court's Order to file a complaint stating sufficient facts to

5

support a federal constitutional claim, and this action must be dismissed for the reasons stated in its prior Memorandum and Order and herein.

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Leave to Proceed in forma pauperis (Doc. 2) is granted, and this action is dismissed and all relief is denied.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (Doc. 5), plaintiff's Motion for Issuance of Summons (Doc. 6), plaintiff's Motion for Service (Doc. 7), and plaintiff's Motion for Emergency Injunction (Doc. 8) are denied as moot.

The clerk is directed to transmit a copy of this Order to the finance officer at the institution in which plaintiff is currently confined.

**IT IS SO ORDERED.**

Dated this 27th day of February, 2008, at Topeka, Kansas.

                                        s/Sam A. Crow
                                        U. S. Senior District Judge